T.C. Memo. 1998-15


UNITED STATES TAX COURT


LAWRENCE W. BARTLETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20537-96.            Filed January 13, 1998.


<u>Arthur I. Fixler</u>, for petitioner.

<u>Carmino J. Santaniello</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  Respondent determined deficiencies in petitioner's 1992 and 1993 Federal income taxes of $8,402 and $322, respectively.  The only issue for decision is whether disability payments to petitioner are excludable from gross

income.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.


                        FINDINGS OF FACT

     Some of the facts have been stipulated and are so found.  At the time Lawrence Bartlett filed his petition, he resided in Warwick, Rhode Island.

     In 1963, Mr. Bartlett became a firefighter for the City of Warwick.  He served in the city's fire department for 29 years, starting out as a private and ascending to battalion chief.  In 1991, Mr. Bartlett, while off-duty, suffered a heart attack which ended his career.  He then applied to the Warwick Board of Public Safety (the Board) for a service-connected disability pension. The Board administers the city's pension system.

     Section 7-75.2 of the Warwick City Code (the Warwick Code) requires the Board to grant a service-connected disability pension, equal to 66-2/3 percent of the firefighter's highest salary, to any firefighter who becomes unfit for duty because of a heart, lung, or cancer-related disability.  To receive a service-connected disability pension under the Warwick Code, a firefighter must establish a permanent disability and a causal connection between the disability and the firefighter's job (i.e., that the disability is job related).  Article IX, section 4 of the collective bargaining agreement between the City of

Warwick and the Firefighters Union, however, provides in

pertinent part:

> In any case where an employee covered by this
> Agreement is disabled from performing his regular
> duties as a fireman because of a heart condition or
> respiratory ailment, it shall be conclusively presumed
> that such disability is attributable to his employment
> as a member of the Fire Department; and he shall be
> entitled to all of the benefits of the ordinances of
> the City of Warwick.  * * *

In December of 1991, the Board awarded petitioner a service-

connected disability pension.  The only medical information that

petitioner provided to the Board, and that the Board considered,

related to whether petitioner could continue to perform his job.

For 1992, petitioner did not report any of the $33,664.72 in

disability pension payments he received.  For 1993, petitioner

reported $35,286 of the $36,426 in disability payments he

received.  Respondent issued petitioner a notice of deficiency

for 1992 and 1993.  In the notice, respondent determined that

petitioner should have included in gross income the total amount

of pension payments.

OPINION

Section 104(a)(1) and the regulations thereunder provide

that disability payments are excludable if they are received

under a statute in the nature of a workmen's compensation act.

Sec. 104(a)(1); sec. 1.104-1(b), Income Tax Regs.

Petitioner contends that his pension payments are excludable

from gross income because the payments were received pursuant to

a statute in the nature of a workmen's compensation act--the Warwick Code. Prior to trial respondent conceded that the Warwick Code meets the requirements of section 104 and contended that petitioner's pension payments were made pursuant to the collective bargaining agreement. Respondent maintained this position in his pretrial memorandum and during a pretrial conference call with petitioner and the Court. When questioned by the Court at trial, however, respondent's counsel was unable to support his contention. On brief respondent's attempt to support this contention was equally unconvincing.

The Warwick Code, not the collective bargaining agreement, authorized petitioner's pension. Cf. Fotis v. Commissioner, T.C. Memo. 1989-287 (finding that payments to a disabled police officer were made pursuant to municipal law, not a collective bargaining agreement). Contrary to respondent's contention, the portion of the collective bargaining agreement that states "[firefighters] shall be entitled to all of the benefits of the ordinances of the City of Warwick," merely preserves firefighters' rights under all the city's ordinances. It does not authorize a service-connected disability pension. Thus, we conclude that petitioner's pension payments were made pursuant to the Warwick Code, not the collective bargaining agreement.

On brief respondent, for the first time, attempts to narrow the concession by asserting that the statute, standing alone, meets the requirements of section 104 but that the Court should

construe the statute and the agreement together and hold that "to comply with the legislative purpose behind the workmen's compensation exclusion in section 104(a)(1), section 4 should be considered as part of the Warwick Code." We reject respondent's contention. The express language of the regulations requires that the payments be made under a statute and that the statute be in the nature of a workmen's compensation act. Sec. 1.104-1(b), Income Tax Regs. Our conclusion that the payments were made pursuant to the statute coupled with respondent's concession that the statute is in the nature of a workmen's compensation act compels us to hold that petitioner's payments are excludable from gross income.

All other arguments raised by the parties are either moot or without merit. To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.